# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ALLIED WORLD ASSURANCE COMPANY (U.S.) INC., ET AL., | § § § | |
| Plaintiffs, | § | CIVIL ACTION NO. 4:23-CV-00655-ALM-AGD |
| v. | § § | |
| ACADIA INSURANCE COMPANY, | § § § | |
| Defendant. | | |

### MEMORANDUM ADOPTING THE REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the Report and Recommendation ("Report") of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On September 9, 2024, the Magistrate Judge entered a Report (Dkt. #27) recommending that Defendant Acadia Insurance Company's Motion for Summary Judgment (Dkt. #11) be granted and that Plaintiff Allied World Assurance Company's Motion for Summary Judgment (Dkt. #10) be denied. On September 27, 2024, Plaintiff filed an objection to the Report (Dkt. #30).[1]

Accordingly, having received the Report of the Magistrate Judge, Plaintiff's objection (Dkt. #30), and having conducted a *de novo* review, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's Report in full.

---

[1] On September 19, 2024, the Parties filed an Agreed Motion for Extension of Time to Object to Magistrate Judge's Report (Dkt. #28). The Court granted the Motion in part and extended the objection deadline until September 27, 2024 (Dkt. #29).

## I. OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)–(3).

In its objections, Plaintiff reiterates five arguments previously asserted before the Magistrate Judge (Dkt. #30). First, Plaintiff contends that it has established a right to summary judgment (Dkt. #30 at p. 2). Second, Plaintiff alleges that the Texas Construction Anti-Indemnity Act ("TCAIA") does not void the additional insured endorsement or the indemnification provisions of either the Archer Western – Hammett Excavation Subcontract or the Phillips and Jordan ("P&J") – Hammett Excavation Subcontract (Dkt. #30 at pp. 2–5). Third, Plaintiff asserts that the Petition in the underlying Johnson Family Action did not seek to hold P&J, Archer Western, and the Water District independently liable (Dkt. #30 at pp. 5–6). Fourth, Plaintiff suggests that the Water District qualifies as a municipality and, therefore, the public works exception to the TCAIA applies (Dkt. #30 at pp. 6–7). Fifth and finally, Plaintiff avers that Defendant had a duty to defend P&J, Archer Western, and the Water District in the Johnson Family Action and that, therefore, Plaintiff is entitled to contractual subrogation, equitable subrogation, or equitable contribution (Dkt. #30 at pp. 7–8). The Court will address each objection in turn.

**A.     Entitlement to Summary Judgment**

In its first objection, Plaintiff argues that the Magistrate Judge erred in denying Plaintiff's—and granting Defendant's—competing motions for summary judgment (Dkt. #30 at p. 2). Plaintiff first argues that the Magistrate Judge's finding that the P&J, Archer Western, and the Water

2

District are additional insureds under the Acadia Policy entitles Plaintiff to summary judgment (Dkt. #30 at p. 2). The Court disagrees. Plaintiff further objects on the grounds listed previously in Objections 2 through 5, incorporating those objections by reference into its first objection (Dkt. #30 at p. 2). The Court finds Plaintiff's second argument unavailing for the reasons set forth in the following subsections.

In the Report and Recommendation, the Magistrate Judge determined that P&J, Archer Western, and the Water District qualify as additional insureds under "settled rules of contract interpretation" (Dkt. #27 at p. 8) (quoting *Pine Oak Builders v. Great American Lloyds Ins. Co.*, 279 S.W.3d 650, 654 (Tex. 2009)). According to Plaintiff, this determination alone entitles it to summary judgment (Dkt. #30 at p. 2). The Court is not persuaded. Plaintiff's objection overlooks the very next section in the Magistrate Judge's Report and Recommendation (Dkt. #27 at p. 10). There, the Magistrate Judge analyzed the application of the TCAIA in the context of additional insured provisions in construction contracts (Dkt. #27 at pp. 10–12). The Magistrate Judge quoted the Texas Supreme Court's analysis of Texas Insurance Code Section 151.102 for the proposition that "[the TCAIA] prohibits Entity A from requiring Entity B to indemnify Entity A against the consequences of the negligence of Entity A, Entity A's agent, or Entity A's employees" (Dkt. #27 at pp. 10–11) (quoting *Maxim Crane Works, L.P. v. Zurich Am. Ins. Co.*, 642 S.W.3d 551, 556 (Tex. 2022)). Here, the additional insured provisions at issue are void under the TCAIA to the extent that they require Defendant to defend P&J, Archer Western, and the Water District against their own negligence (Dkt. #27 at pp. 11–12). Thus, the Court agrees with the Magistrate Judge's analysis that the TCAIA precludes enforceability of the additional insured provision to this extent.

3

B.    **Additional Insured Endorsement and Indemnification Provision**

Plaintiff next objects to the Magistrate Judge's finding that Defendant did not have a duty to defend P&J, Archer Western, and the Water District in the underlying Johnson Family Action (Dkt. #30 at p. 2). Plaintiff avers that such a duty exists because the Archer Western – Hammett Excavation Subcontract and the P&J – Hammett Excavation Subcontract do not require Defendant to defend and indemnify P&J, Archer Western, and the Water District against their *own* negligence (Dkt. #30 at p. 2). Therefore, the argument goes, "the TCAIA does not void either the additional insured endorsement or the indemnification provisions of the subcontracts" (Dkt. #30 at p. 2). Plaintiff made the same argument in its Response to Defendant's Motion for Summary Judgment (Dkt. #15 at p. 7) and in its Reply in Support of Plaintiff's Motion for Summary Judgment (Dkt. #18 at p. 6). The Court agrees with the Magistrate Judge's determination that Defendant did not have a duty to defend P&J, Archer Western, and the Water District in the underlying Johnson Family Action (Dkt. #27 at pp. 12–15).

Plaintiff cites to two different contractual provisions in support of its argument that Defendant assumed a duty to defend (Dkt. #30 at pp. 2–3) (citing Dkt. #1-4 at p. 16; Dkt. #10-4 at p. 3). First, Plaintiff cites to a portion of the indemnification provision in the Archer Western – Hammett Excavation Subcontract that requires indemnification of "any act, omission, fault or negligence, whether active or passive of [Hammett Excavation] . . . ." (Dkt. #30 at pp. 2–3) (quoting Dkt. #1-4 at p. 16). Therefore, according to Plaintiff, the duty to indemnify "clearly only applies to" the acts of Hammett Excavation, not the acts of P&J, Archer Western, and the Water District (Dkt. #18 at p. 6). But as the Magistrate Judge observed, Plaintiff's argument is incomplete, rendering it misleading (Dkt. #27 at p. 12). A more careful reading of the

indemnification provision just a few sentences later reveals that the obligation to indemnify applies "regardless of any allegations of active and/or passive negligent acts or omissions of an Indemnified Party" (Dkt. #1-4 at p. 16). Consequently, because the indemnification provision in the Archer Western – Hammett Excavation Subcontract seeks to indemnify P&J, Archer Western, and the Water District for their own negligence, the TCAIA voids the provision naming those parties as additional insureds (Dkt. #27 at pp. 12–15).

Next, Plaintiff cites to a provision in the P&J – Hammett Excavation Subcontract that the indemnification provision applies "whether or not caused in part by the active or passive negligence or other fault of a party indemnified hereunder" (Dkt. #30 at p. 3) (quoting Dkt. #10-4 at p. 3). In its objection, Plaintiff maintains that this provision does not run afoul of TCAIA (Dkt. #30 at pp. 3–5). In support of its argument, Plaintiff cites to an Illinois Supreme Court case for the proposition that the provision "merely require[s] indemnification by the indemnitor to the extent of its own negligence" (Dkt. #30 at p. 3) (citing *Virginia Surety Co. v. Northern Ins. Co.*, 224 Ill.2d 550, 568–69 (Ill. 2007)). But as the Magistrate Judge correctly observed, "'[i]f coverage exists for any portion of a suit, the insurer must defend the insured in the entire suit'" (Dkt. #27 at p. 13) (quoting *Am. Empire Surplus Lines Ins. Co. v. Crum & Forster Specialty Ins. Co.*, No. CIV. H-06-0004, 2006 WL 1441854, at *6 (S.D. Tex. May 23, 2006)). Therefore, while the indemnification provision in the P&J – Hammett Excavation Subcontract "is not intended to require the indemnification of any party against the party's *sole* negligence," P&J, Archer Western, or the Water District may still assume *partial* responsibility for any resulting damage, thereby triggering Defendant's duty to defend (Dkt. #10-4 at p. 3) (emphasis added). Defendant's assumption of that duty would, in turn, implicate the TCAIA, which would render the additional insured provision

5

void (Dkt. #27 at p. 15). Accordingly, the Court agrees with the Magistrate Judge's recommendation that the TCAIA renders void the additional insured provisions in both the Archer Western – Hammett Excavation Subcontract and the P&J – Hammett Excavation Subcontract because both provisions impermissibly extend to claims involving the negligent acts of P&J, Archer Western, and the Water District (Dkt. #27 at p. 14).

**C.    The Johnson Family Action**

In its third objection, Plaintiff argues that the underlying Johnson Family Action only sought to hold P&J, Archer Western, and the Water District liable for the acts or omissions of Hammett Excavation, not for their own acts (Dkt. #30 at pp. 5–6). Plaintiff repeats the same arguments it made in its Response to Defendant's Motion for Summary Judgment (Dkt. #15 at pp. 14–16) and its Reply in Support of Plaintiff's Motion for Summary Judgment (Dkt. #18 at pp. 9–10). In short, Plaintiff contends that "[a]ll of the work at issue was performed by Hammett Excavation—not the Water District, nor Archer Western, nor Phillips and Jordan" (Dkt. #30 at p. 5). Having considered the pleadings on the issue, the Magistrate Judge's Report and Recommendation, and Plaintiff's objections to the Report and Recommendation, the Court adopts the Magistrate Judge's finding that the Petition in the underlying Johnson Family Action forecloses this argument (*See* Dkt. #10-1 at pp. 23–33). Upon close review of the Johnson Family Petition, the Court agrees with the Magistrate Judge that the petition sought to hold P&J, Archer Western, and the Water District at least partially responsible in their independent capacities for the damage to LoJo Ranch (Dkt. #27 at pp. 15–19) (citing Dkt. #10-1 at pp. 23–33).

### D.   The Public Works Exception

Plaintiff lodged a fourth objection to the Report and Recommendation, arguing that the Magistrate Judge erred in concluding that the public works exception to the TCAIA does not apply because the Water District is not a municipality (Dkt. #30 at p. 6). Again, Plaintiff raises the same arguments it made in its Response to Defendant's Motion for Summary Judgment (Dkt. #15 at pp. 16–17) and its Reply in Support of Plaintiff's Motion for Summary Judgment (Dkt. #18 at pp. 10–11). Specifically, Plaintiff contends that the Water District is a municipality because it has "municipality" in its name and because it is a "'legally incorporated or duly authorized association of inhabitants of limited area for local governmental or other public purpose'" (Dkt. #30 at p. 7) (quoting BLACK'S LAW DICTIONARY (5th ed. 1979)). The Court disagrees, and instead adopts the Magistrate Judge's analysis that a municipal water district is a political subdivision of the state but is not itself a "municipality" (Dkt. #27 at pp. 19–20) (citing Black's Law Dictionary (12th ed. 2024); *Bexar Metro. Water Dist. v. Educ. & Econ. Dev. Joint Venture*, 220 S.W.3d 25, 28 (Tex. App. 2006)). Accordingly, the Court agrees that the provisions at issue are invalid because the public works exception to the TCAIA does not apply (Dkt. #27 at pp. 19–20).

### E.   Subrogation and Contribution

Finally, Plaintiff's fifth objection asserts that Plaintiff is entitled to contractual subrogation, equitable subrogation, or equitable contribution because Defendant had a duty to defend the P&J, Archer Western, and the Water District in the underlying Johnson Family Action (Dkt. #30 at pp. 7–8). Having already determined that the Magistrate Judge was correct in finding that Defendant did not have a duty to defend P&J, Archer Western, and the Water District in the underlying

Johnson Family Action, the Court agrees with the Magistrate Judge that Plaintiff is not entitled to subrogation or contribution from Defendant (Dkt. #27 at pp. 21–23).

## II.  CONCLUSION

It is therefore **ORDERED** that Defendant's Motion for Summary Judgment (Dkt. #11) is **GRANTED**.  It is further **ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt. #10) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** this 7th day of October, 2024.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE